UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO . 09-20298-CIV-O'SULLIVAN

[CONSENT]

JESUS DUBON, and all others
similarly situated,

    Plaintiff,

vs.

DELMAS MEAT AND FISH, a Florida
corporation, and FREDDIE DE JESUS
RODRIGUEZ, individually,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion for Partial Summary Judgment as to Commencement of the Claims of Plaintiffs Aurelio Arevelo, Jose Arevelo and Santiago Arevelo and Memorandum of Law (DE# 39, 8/26/09) filed by the defendants. Having reviewed the applicable filings and the law and having held a hearing on October 16, 2009, it is

ORDERED AND ADJUDGED that Motion for Partial Summary Judgment as to Commencement of the Claims of Plaintiffs Aurelio Arevelo, Jose Arevelo and Santiago Arevelo and Memorandum of Law (DE# 39, 8/26/09) is **GRANTED**.

## BACKGROUND

On February 4, 2009, plaintiff Jesus Dubon filed a complaint against the defendants for overtime violations pursuant to the Fair Labor Standards Act (hereinafter "FLSA"). See Complaint (DE# 1, 2/4/09). On March 12, 2009, the plaintiff filed a statement of claim on behalf of himself and Aurelio Arevelo, Jose Arevelo and Santiago Arevelo (collectively, "Arevelo plaintiffs"). See Plaintiff's Statement of Claims (DE# 8,

3/12/09).  On April 20, 2009, plaintiff Jesus Dubon sought to amend the Complaint to add the Arevelo plaintiffs. See Plaintiff's Motion Seeking Leave to Amend Complaint Pursuant to 29 U.S.C. 216(b) (DE# 23, 4/20/09).  On May 15, 2009, the Court granted plaintiff Jesus Dubon's motion and the Amended Complaint (DE# 28, 5/15/09) was filed with the Court.  See Order (DE# 27, 5/15/09).

On August 26, 2009, the defendant filed the instant Motion for Partial Summary Judgment as to Commencement of the Claims of Plaintiffs Aurelio Arevelo, Jose Arevelo and Santiago Arevelo and Memorandum of Law (DE# 39, 8/26/09). On September 15, 2009, the plaintiffs filed their response. See Plaintiff's Response to Partial Summary Judgment (DE# 46, 9/15/09). No reply was filed. On October 16, 2009, the Court held a hearing on the instant motion.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941

2

F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994).  Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial.  Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id.  at 322-323.  Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## **ANALYSIS**

The defendants seek partial summary judgment on the claims of the Arevelo plaintiffs. See Motion for Partial Summary Judgment as to Commencement of the

Claims of Plaintiffs Aurelio Arevelo, Jose Arevelo and Santiago Arevelo and Memorandum of Law (DE# 39, 8/26/09). The defendants argue that because the Arevelo plaintiffs were not added until May 15, 2009, the date of the Amended Complaint, that the date of the commencement of the case for the Arevelo plaintiffs for purposes of calculating the statute of limitations should be May 15, 2009. Id. at 2. The plaintiffs respond that the Arevelo plaintiffs' claims relate back to Jesus Dubon's claims, that the plaintiffs' claims are intertwined and that there is no element of surprise here because the original Complaint put the defendants on notice that Jesus Dubon would bring claims on his own behalf and on behalf of others similarly situated and the defendants knew as early as March 12, 2009, the date of the Statement of Claim, that the Arevelo plaintiffs would be parties to this lawsuit. See Plaintiff's Response to Partial Summary Judgment (DE# 46 at 4-5, 9/15/09).

The Court finds that the defendants are entitled to partial summary judgment and that the claims of the Arevelo plaintiffs were filed on May 15, 2009, for purposes of calculating the statute of limitations.[1] The cause of action in this case may have arisen from the same course of conduct but the facts surrounding each plaintiff including the hiring and termination dates and the length and terms of employment are different. Additionally, the plaintiff has not provided any reason why the Arevelo plaintiffs were not named in the original complaint. See Anderson v. City of Wood Dale, No. 93 C 425,

---

[1] Because the plaintiffs have alleged that the defendants' FLSA violations were willful, a jury will decide whether the two year or three year statute of limitations applies in this case. The statute of limitations for pursuing claims for unpaid overtime wages under the FLSA is generally two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

1995 U.S. Dist. LEXIS 2873, at * 9 - 10 (N.D. Ill. Mar. 8, 1995) (declining to apply the relation back doctrine where plaintiff provided no explanation for delay in adding claims of additional plaintiffs). Accordingly, the statute of limitations will run for Jesus Dubon from February 4, 2009 and for the Arevelo plaintiffs from May 15, 2009.

**DONE AND ORDERED** in Chambers at Miami, Florida this **19th** day of October, 2009.

                                             JOHN J. O'SULLIVAN
                                             UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record