UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

CASE NO: 09-20298-CIV-O'SULLIVAN

[CONSENT]

JESUS DUBON, JOSE AREVALO,
SANTIAGO AREVALO
and AURELIO AREVALO,

      Plaintiffs,

vs.

DELMAS MEAT AND FISH
a Florida Corporation and
FREDDIE DE JESUS RODRIGUEZ,
an individual,

      Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 85, 12/30/09). This matter was referred to the undersigned for trial pursuant to 28 U.S.C. §636(b)(1), by the Honorable Paul Huck on March 31, 2009, (DE # 17). Having carefully considered the pertinent filings, the record and the applicable law, the undersigned enters the following Order GRANTING in part and DENYING in part the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 85, 12/30/09).

## BACKGROUND

The plaintiffs filed this lawsuit pursuant to the Fair Labor Standards Act (FLSA). On November 17, 2009, a jury verdict was entered in favor of all the named plaintiffs in

this matter for unpaid overtime wages. The jury awarded each plaintiff a sum of money for unpaid overtime wages in accordance with the FLSA. The jury further found that the defendants acted willfully with respect to the violations of the FLSA. (DE # 80). On November 30, 2009, the undersigned entered an Order granting the plaintiffs' Motion for Liquidated Damages (DE # 83) and a final judgment in favor of the plaintiffs (DE # 84). On December 30, 2009, the plaintiffs filed the instant motion (DE # 85). On February 9, 2010, FREDDIE DE JESUS RODRIGUEZ, the individual defendant, filed a Suggestion in Bankruptcy (DE # 95). On February 10, 2010, the undersigned issued an Order staying the case as to FREDDIE DE JESUS RODRIGUEZ. The corporate defendant, DELMAS MEAT AND FISH, did not file a Suggestion in Bankruptcy, and, as of the date of this Order, has not responded to the instant motion.

## ANALYSIS

### I. Costs

The plaintiffs are seeking costs pursuant to the Fair Labor Standards Act. Section 216 directs the Court to award a prevailing plaintiff the costs of the action. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. Choctawhatchee, 298 F.3d at p. 1248. The plaintiffs

prevailed in the present case because a jury awarded each plaintiff a sum of money for unpaid overtime wages in accordance with the FLSA, and found that the defendants acted willfully with respect to the violations of the FLSA.  Moreover, a final judgment was entered in favor of the plaintiffs in this matter.  The plaintiffs are entitled to receive all costs that are recoverable under 28 U.S.C. § 1920.  Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).

In Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir. 1988), the Eleventh Circuit did not extend the costs recoverable under the Fair Labor Standards Act beyond those costs recoverable under 28 U.S.C. § 1920.  See Glenn, 841 F.2d at 1575. Accordingly, the plaintiffs are only entitled to recover those costs they would be entitled to under 28 U.S.C. § 1920.  The plaintiffs seek to recover $4,478.71 in costs.[1]

### A. Fees of the Clerk

In the Bill of Costs, the plaintiffs seek to recover $350.00 for the fees of the clerk.  This cost is permitted under 28 U.S.C. § 1920.  The undersigned awards the plaintiffs **$350.00** for these costs.

### B. Fees for Service of Summons and Subpoenas

In the Bill of Costs, the plaintiffs request $70.00 in costs for the service of summons and subpoenas.  These costs are permitted under 28 U.S.C. § 1920 and are reasonable.  The undersigned awards the plaintiffs **$70.00** for these costs.

### C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

---

[1] In the body of the plaintiffs' Motion, the plaintiffs discuss the need for interpreters for the plaintiffs at both the plaintiffs' depositions and at trial (p. 7). However, the Bill of Costs submitted with the Motion does not request reimbursement for interpreter fees under its own category.  Rather, interpreter costs for trial are included in "other costs".

In the Bill of Costs, the plaintiffs request $1391.18[2] in costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. These costs are permitted under 28 U.S.C. § 1920 if the printed or electronically recorded transcripts were necessarily obtained for use in the case. The undersigned finds that the aforementioned fees for printed or electronically recorded transcripts were necessarily obtained for use in the case. The undersigned awards the plaintiffs receive **$1391.18** for these costs.

### D. Fees for Exemplification and the Costs of Making Copies of any Materials Where the Copies are Necessarily Obtained for Use in the Case

In the Bill of Costs, the plaintiffs request $97.53 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case in this matter. These fees are permitted under 28 U.S.C. § 1920 if they are necessarily obtained for use in the case. The undersigned finds that the aforementioned fees were necessarily obtained for use in the case and are allowed. The undersigned awards the plaintiffs **$97.53** for these costs.

---

[2] In the Bill of Costs the plaintiffs request $1,391.18 for the costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case. This includes the deposition transcript of Freddy Rodriguez and the trial transcript.

E. Other Costs

In the Bill of Costs, the plaintiffs request reimbursement in the amount of $2570.00, for other costs. These costs are for mediation, ($420.00), the appearance fee for the deposition of Gilbert Rodriguez ($450.00), the appearance fee for the deposition of Freddy Rodriguez ($500.00), and the trial interpreter ($1200.00). The costs associated with mediation are not permitted under 28 U.S.C. § 1920 and the plaintiffs should not recover these costs. The costs for interpreters are permitted under 28 U.S.C. § 1920 and the undersigned awards these costs to the plaintiffs in the amount of $1200.00. 28 U.S.C. § 1920, permits fees for printed or electronically recorded transcripts necessarily obtained for use in the case, the statute does not discuss appearance fees of court reporters at depositions. Accordingly, the plaintiffs should not recover the costs for appearance fees of court reporters.

In sum, the plaintiff's cost request is reduced by $1370.00. Accordingly, the undersigned awards the plaintiffs costs in the amount of $3,108.71.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The Fair Labor Standards Act clearly provides for the recovery of attorney's fees for a prevailing plaintiff, see 29 U.S.C. § 216(b). Accordingly, as the plaintiffs prevailed in the case at bar, they are entitled to receive attorney's fees.

B. Amount of Fee Award

Having determined that the plaintiffs are entitled to an award of attorney's fees

6

incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award. In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar". Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

### 1. Reasonable Hourly Rate

The Court must first evaluate plaintiffs' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984). In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the

attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillard v. City of Elba, 863 F.Supp. 1550, 1552 (M.D.Ala. 1993).

The plaintiffs request an hourly rate of $250.00 for the attorneys' work on this matter. Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded. Norman, 836 F.2d at 1303 citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976). Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that an hourly rate of $250.00 is reasonable.

### 2. Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel. The plaintiffs request a total of 210.00 hours for the work done in pre-discovery, discovery, and at trial in this matter, for a total requested reward of $52,500.00. The plaintiffs support their motion by submitting an itemized time sheet and an affidavit done by lead counsel.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills.  See Hensley, 461 U.S. at 437.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney."  National Ass'n. of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  Hensley, 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York city Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

The undersigned finds that the time records in the case are adequate, that the amount of time spent by the attorneys for the plaintiffs in this matter is reasonable and that the plaintiffs are entitled to recover the requested $52,500.00 in fees.  Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 85, 12/30/09) is GRANTED in part and DENIED in part in

accordance with this Order and the plaintiffs are awarded $3,108.71 in costs and $52,500.00 in fees to be paid by the corporate defendant, Delmas Meat and Fish. The Court will enter a judgment in the total amount of $55,608.71.

DONE AND ORDERED in Chambers at Miami, Florida this **11th** day of March, 2010.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:
All counsel of record

Copies mailed by Chambers to:

Freddie de Jesus Rodriguez
Delmas Meat and Fish
876 N.E. 125 Street
North Miami, FL 33161

Freddie de Jesus Rodriguez
11380 SW 21 Street
Miramar, FL 33027